IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| IN RE: | Cause No. CV 25-26-H-BMM |
| WAYNE A. HUSSAR, II | ORDER |

This matter comes before the Court on documents filed by state pro se Petitioner Wayne A. Hussar with the Ninth Circuit that were then forwarded to this Court for filing. (Doc. 1.) The Court has construed Hussar's filing as a writ of habeas corpus under 28 U.S.C. § 2254. Hussar seeks to appeal 20 cases that he asserts Judge James C. Reynolds, District Judge for Montana's First Judicial District, Lewis and Clark County, has unlawfully "refused and denied.". (*Id*. at 1, 3.)

Hussar has repeatedly filed actions seeking to challenge various Montana state judgments of conviction. *See e.g., Hussar v. Touchette et al*., Cause No. CV-11-07-H-DWM, Or. (D. Mont. April 18, 2011); *Hussar v. Rieghard*, Cause No. CV-17-77-H-DLC, Ord. (D. Mont. August 31, 2017); *Hussar v. Green*, Cause No. CV-19-64-H-DLC, Ord. (D. Mont. May 27, 2020); *Hussar v. McTighe*, Cause No. CV-23-60-BLG-SPW, Ord. (D. Mont. August 22, 2023); *Hussar v. Bludworth*, Cause No. CV-24-15-BLG-SPW, Ord. (D. Mont. Feb. 8, 2024); *Hussar v.*

1

*Wehonig*, Cause No. CV-24-43-H-SPW (D. Mont. July 1, 2024). Hussar has been advised that the Court lacks jurisdiction to hear successive petitions challenging any of his Montana state court judgments of conviction unless he obtains authorization from the Ninth Circuit to file a renewed habeas petition in this Court. *See e.g., Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

In the present matter, Hussar seems to seek a determination from the federal courts that the Montana state district court has misapplied federal law by denying his repeated filings. (Doc. 1 at 4-5.) The Court lacks jurisdiction to act in the matter suggested by Hussar. Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statutes. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). As a court of limited jurisdiction, the Court has an obligation to dismiss claims for which it lacks subject matter jurisdiction. *Demarest v. United States*, 718 F. 2d 964, 965 (9th Cir. 1983); *see also Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F. 3d 593, 594-95 (9th Cir. 1996).

Federal district courts do not have appellate jurisdiction over state courts, whether by direct appeal, mandamus, or otherwise. *See e.g., Rooker v. Fid. Trust Co.*, 263 U.S. 413, 425-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see also, MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review

of state court decisions"). It would be entirely inappropriate for the Court to review the Montana state district court's dismissal of Hussar's filings.

Until Hussar obtains leave from the Ninth Circuit to file a successive habeas petition, the Court lacks jurisdiction to hear his claims. *Burton*, 549 U.S. at 149. The matter will be dismissed. Hussar presents no other cognizable ground that would support the filing of an original proceeding in this Court.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability will be denied. There is no doubt this Court lacks jurisdiction, and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

## ORDER

1. Hussar's Petition (Doc. 1) is **DISMISSED** for lack of jurisdiction. Absent leave from the Ninth Circuit, Hussar should refrain from making further challenges to his state convictions via § 2254 petitions.

2. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 17th day of March, 2025.

_____
Brian Morris, Chief District Judge
United States District Court